**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**DON E. DENNIS,**   **PLAINTIFF**

**V.**   **NO. 4:07CV20-WAP-EMB**

**MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,**   **DEFENDANT**

## REPORT AND RECOMMENDATIONS

Plaintiff brought this action pursuant to section 205(g) of the Social Security Act ("Act"), 42 U.S.C. § 405(g), to obtain judicial review of the final decision of the Commissioner of Social Security ("Commissioner"), denying his applications for disability insurance benefits under Title II and supplemental security income under Title XVI of the Act, 42 U.S.C. §§ 401 and 1381, et seq. Now, before the Court are Defendant's Motion to Dismiss Or in the Alternative for Summary Judgment (Dckt. No. 9) and supporting Memorandum (Dckt. No. 10). Plaintiff failed to respond to Defendant's Motion within the time allowed under the Local Rules of this Court. Accordingly, the Motion is unopposed and ripe for resolution.

By notice dated September 1, 2006, the Appeals Council of the Social Security Administration denied Plaintiff's request for review of the Administrative Law Judge's denial of his claim for disability insurance benefits and supplemental security income benefits. *See* Supplement to Pl.'s Compl. This action by the Appeals Council rendered the Administrative Law Judge's decision the "final decision" of the Commissioner, from which Plaintiff could request judicial review within sixty days from receipt of the Appeals Council's notice. *See* 42 U.S.C. § 405(g). However, on November 15, 2006, the Appeals Council sent Plaintiff a letter in which it granted him thirty days after receipt of that letter to file his Complaint in federal court. *See* Supplement to Pl.'s Compl. Plaintiff filed his earliest pleading, his Motion to

Proceed in forma pauperis, in this Court on January 22, 2007. (Dckt. No. 1).

The exclusive jurisdictional basis for judicial review of final decisions on claims arising under Title II and/or Title XVI of the Act is provided for and limited by sections 205(g) and (h), 42 U.S.C. § 405(g) and (h). Where a right, such as the right to sue, is a creature of statute and the statute provides a special remedy, that remedy is exclusive. *See United States v. Babcock*, 250 U.S. 328, 331 (1919). Thus, the remedy provided by section 205(g) is exclusive.

The Act provides that:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow. . . .

42 U.S.C. § 405(g).

The Commissioner, by regulations published December 9, 1976, in the Federal Register, 41 Fed. Reg. 53792, codified at 20 C.F.R. § 422.210(c), has interpreted the foregoing language in the Act to require initiation of a civil action within sixty days of the individual's receipt of the notice of the Commissioner's final decision. *See* also 20 C.F.R. § 416.1481. The date of receipt is presumed to be five days after the date of such notice, unless there is a reasonable showing to the contrary made to the Appeals Council. *See* 20 C.F.R. §§ 416.1401, 422.210(c). The Commissioner has interpreted this provision to mean that a Complaint is timely filed if it is filed within sixty-five days of the date on the notice of the Commissioner's final decision. *See* 41 Fed. Reg. 53792, 20 C.F.R. § 416.1401, 422.210(c).

In this case, in addition to the initial sixty-day period for filing a federal action, Plaintiff received a thirty-day extension from the date he received the Appeals Council's letter granting

that extension. Allowing five days for mailing, the extended deadline would have expired on December 20, 2006. Because Plaintiff commenced this civil action after the expiration of his extended deadline, his Complaint should be dismissed for lack of subject matter jurisdiction.

**THEREFORE, IT IS RECOMMENDED** that Defendant's Motion be granted and that the Complaint be dismissed for lack of subject matter jurisdiction.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within ten days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this, the 14th day of June, 2007.

/s/ Eugene M. Bogen
**U. S. MAGISTRATE JUDGE**