IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

DON E. DENNIS, **PLAINTIFF**

V. **NO. 4:07CV20-WAP-EMB**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, **DEFENDANT**

## FINAL JUDGMENT

These matters come before the court upon the Report and Recommendation of the U.S. Magistrate Judge [11] to grant the Defendant's Motion to Dismiss or in the Alternative for Summary Judgment, the *pro se* Plaintiff's objection filed thereto, and the Defendant's response to that objection. After due consideration of the record of this case, the court finds as follows, to-wit:

On September 1, 2006 the Appeals Council of the Social Security Administration denied Plaintiff's request for review of the Administrative Law Judge's denial of his claim for disability insurance benefits and supplemental security income benefits. Pursuant to 42 U.S.C. § 405(g), the plaintiff had sixty days from the ALJ's decision to file a complaint in federal court, plus five days from the date of the notice. 20 C.F.R. §§ 416.1401, 422.210(c). The plaintiff also received a thirty-day extension. Thus, the deadline to file the complaint was December 20, 2006. He did not file his complaint until one month later on January 22, 2006. Where a right, such as a right to sue, is a creature of statute and the statute provides a special remedy, that remedy is exclusive. *United States v. Babock*, 250 U.S. 328, 331 (1919).

For these reasons, the U.S. Magistrate Judge filed his Report and Recommendation that this case be dismissed for lack of subject matter jurisdiction given the plaintiff did not meet the statutory

deadlines to file his case. Within the appropriate time period, the plaintiff filed an objection to the Report and Recommendation, averring that he objects to the motion of dismissal based on newly discovered evidence and because "the alcohol is a [sic] isolated incident, and I was never given a sobriety test."

The court concludes that the basis of the plaintiff's objection is not relevant to the reasons given in the U.S. Magistrate Judge's Report and Recommendation since any newly discovered evidence does not involve whether the plaintiff timely filed his complaint pursuant to the mandatory statutory deadlines. Indeed, even with a thirty-day extension of the original 65 days to file his complaint, the plaintiff was a month late in filing. The law, as cited above, requires that the complaint be filed timely. Furthermore, the defendant is correct that if the plaintiff has new evidence that he believes establishes disability under the Social Security Act, his best recourse is to file a new application for disability benefits.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) The Report and Recommendation of the United States Magistrate Judge dated June 14, 2007, is approved and adopted as the opinion of the Court; accordingly,

(2) Defendant's Motion to dismiss [doc. 9] is granted in part, and Plaintiff's Complaint is dismissed for lack of subject matter jurisdiction; and

(3) This case is **CLOSED**.

**SO ORDERED** this the 12th day of July, A.D., 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE